UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES H.[1]  PLAINTIFF

v.  NO. 3:21-CV-252-CRS

KILOLO KIJAKAZI,
Acting Commissioner of Social Security[2]  DEFENDANT

## MEMORANDUM OPINION

This matter is before the court for consideration of the Report and Recommendation (DN 23) of the United States Magistrate Judge in this action seeking judicial review pursuant to 42 U.S.C. § 405(g) of the denial by the Commissioner of Social Security of plaintiff James H.'s claim for a period of disability and disability insurance benefits ("DIB").

The matter was referred to the United States Magistrate Judge for findings and recommendation. The United States Magistrate Judge conducted a review of the final decision of the Commissioner (DN 12, PageID #79-88), and concluded that substantial evidence supported the findings of Administrative Law Judge ("ALJ") Marci P. Eaton and that ALJ Eaton's decision was supported by substantial evidence. The Magistrate Judge recommended that the Commissioner's decision be affirmed. DN 23. James H. has filed objections to the Magistrate Judge's report which we address below, conducting a de novo review of those portions of the report to which he objects, in accordance with 28 U.S.C. § 636(b)(1)(C).

---

[1] Pursuant to General Order 22-05, the Plaintiff in this case is identified and referenced solely be first name and last initial.
[2] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021. Pursuant to Federal Rules of Civil Procedure 25(d), Kilolo Kijakazi is substituted for Andrew Saul as Defendant in this case.

I.      Standard of Review

The Court conducts a de novo review of the portions of the Magistrate Judge's Report and Recommendation to which a party has filed timely and specific objections. Fed.R.Civ.P. 72(b) and 28 U.S.C. § 636(b)(1). A district court may accept, reject, or modify, in whole or in part, the findings and recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C). Only those objections that are specific; that is, that "pinpoint those portions of the magistrate's report that the district court must specifically consider," are entitled to de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). "'[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.' *Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (citing *Howard v. Secretary of Health & Human Services*, 932 F.2d 505, 509 (6th Cir. 1991))." *Arroyo v. Comm'r of Soc. Sec.*, No. 14-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016). Additionally, a claim which is raised for the first time in objections to the Magistrate Judge's report is deemed waived. *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010)(internal citations omitted).

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); 42 U.S.C. § 405(h). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r of Soc. Sec.*, 299 F. App'x 516, 522 (6th Cir. 2008)(internal quotation marks omitted). The Court may not "try the case

de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)(internal citations omitted).

II.     Analysis

James H. was forty-seven years old on July 26, 2018, the alleged disability onset date. He has a high school education and has some technical college courses. He lives with his wife and children. Their children range in age from 8 to 19 years old. Hearing Transcript, DN 12, PageID #s 100, 101, 103, 109. He formerly worked as a diesel truck technician and an automobile mechanic. DN 12, PageID #86. The ALJ determined, however, that James H. has not engaged in substantial gainful activity since July 26, 2018 and is unable to perform any past relevant work. DN 12, PageID #s 81, 86.

James H. alleges that he became disabled as of July 26, 2018 due to "back/knee pain," "right side weakness," and "depression/anxiety." DN 12, pp. 102, 109, 213. His present claim for DIB was initially denied on August 16, 2019 and on reconsideration on October 8, 2019.[3] On July 23, 2020, ALJ Eaton held a hearing on James H.'s application at which James H. and vocational expert Robert L. Bond testified. James H. was represented by a non-attorney representative at the hearing. ALJ Eaton denied the application on September 2, 2020, finding that James H. was not disabled. The ALJ found he had the Residual Functional Capacity to perform light work with various limitations and that jobs exist in significant numbers in the national economy that he could perform. James H. sought review of the decision which was denied by the Appeals Council on

---

[3] The ALJ noted in her decision: The undersigned recognizes the prior decision dated June 30, 2018 (Exhibit B1A). Pursuant to Acquiescence Rulings 98-3(6) and 98-4(6), *Denard v. Secretary of Health and Human Services*, 907 F.2d 598 (6th Cir. 1990) and *Drummond v. Commissioner of Social Security*, 126 F.3d 837 (6th Cir. 1997), the Commissioner is bound by the decision of the Administrative Law Judge issued June 30, 2017 [sic], absent changed circumstances." DN 12, PageID #79. No issue has been raised concerning this finding.

February 16, 2021. The ALJ's decision thus became the final decision of the Commissioner. This timely appeal followed.

The ALJ issued a written opinion evaluating the evidence under the required 5-step process and decided that "[b]ased on the application for a period of disability and disability insurance benefits protectively filed on April 15, 2019, the claimant is not disabled as defined under sections 216(i) and 223(d) of the Security Act." DN 12, PageID #88. The final decision of the Commissioner is subject to review by this Court pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

The Magistrate Judge's report recounts in detail the ALJ's analysis in reaching her decision that James H. was not disabled as defined by the Social Security Act. In this opinion, we address only specific errors allegedly made by the Magistrate Judge in his review of ALJ Eaton's decision.

An individual will be considered "disabled" if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

The ALJ found that James H. has the severe impairments of "degenerative disc disease, obesity, degenerative joint disease, anxiety disorder, post-traumatic stress disorder, and depression (20 CFR 404.1520(c))" and that "[t]he above medically determinable impairments significantly limit the ability to perform basic work activities as required by SSR 85-28." DN 12, PageID # 81. James H. does not object to these findings. His allegations of error in the ALJ's decision are directed to the ALJ's evaluation of these severe impairments in determining his RFC and additionally to the Step Five analysis that flowed from that RFC finding.

> The ALJ concluded:
>
> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he can occasionally climb ramps or stairs. He should avoid climbing ladders, ropes or scaffolds. He can occasionally stoop, kneel and crouch. He should avoid crawling. He is limited to no more than occasional bilateral overhead reaching. He is limited to no more than occasional exposure to extreme temperatures and vibrations. The claimant is limited to exposure to workplace hazards, including unprotected heights and machinery with moving parts that failed to stop when human contact is lost.[4] He requires an occupation with a set routine, established procedures and few changes during the workday. He is limited to no fast-paced production line or quota driven work, and no assembly-line work. The claimant would be off task for no more than 10% of the workday, in addition to normally scheduled breaks and he would miss no more than one day of work per month. He requires a use of a cane for ambulation and balance.

DN 12, PageID # 83.

In determining James H.'s Residual Functional Capacity, the ALJ noted that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSR 16-3p" and "also considered the medical opinion(s) and prior administrative medical finding(s) in accordance with the requirements of 20 CFR 404.1520c." *Id.*

The Magistrate Judge thoroughly discussed the ALJ's analysis and the substantial evidence supporting her findings. In his objections, James H. points out two aspects of the ALJ's decision addressed by the Magistrate Judge with which he takes issue.

A. Opinion of Psychological Examiner Dr. Gregory Lynch

The ALJ found the State agency medical consultants' assessments persuasive, noting that the State agency psychological consultants determined "the claimant could perform an occupation with

---

[4] It appears that there may be a typographical error in this sentence. However, it is immaterial to our analysis herein.

few changes and is limited to no fast-paced production line or quota driven work and no assembly line work" and that "he is limited to occasional contact with supervisors and coworkers and no contact with the general public, would be off task for less than 10% of the workday, and would miss no more than one day of work per month."  DN 12, PageID #86.  The ALJ opined that "[a]lthough the State agency consultants did not examine the claimant, they provided specific reasons for their opinions reflecting that they were grounded in the evidence in the case record.  The undersigned finds that the evidence received into the record after the reconsideration determination did not provide any new or material information that would significantly alter the State agency consultants' opinions.  (20 CFR 404.1527(e))."  *Id.*

In discussing the opinions of psychological examiner Dr. Gregory Lynch, the ALJ stated

> Psychological examiner Dr. Gregory Lynch indicated the claimant had no limitations in his ability to sustain attention and concentration for simple tasks, slight limitations in his ability to understand, remember, and carry out simple instructions, moderate limitations in his ability to tolerate stress and pressure of daily employment, and marked impairment in interacting with supervisors, coworkers, and work pressures. (Exhibit B3F).  This assessment is partially persuasive to the extent it is consistent with the above residual functional capacity.  However, the claimant's conservative treatment history and clinical findings as discussed above fail to establish any support for marked limitations in any domain of mental functioning.

*Id.*

Pertinent to the ALJ's findings concerning the Dr. Lynch's assessment, the ALJ noted in his decision:

> The claimant also reported a history of mental health symptoms associated with his impairments, including mood swings, sadness, irritability, and flashbacks.  He has been involved in some mental health treatment and was generally characterized as presenting with anxious behavior but euthymic mood, appropriate affect, good insight/judgment, and appropriate thought process (Exhibit B5F).  At the consultative examination, his mood "seemed depressed" and he exhibited variable and appropriate affect (Exhibit B3F).  Recent treatment notes indicate the claimant demonstrated appropriate behavior, normal speech, no sign of anxiety, full orientation, and appropriate mood. (Exhibit B9F).  There is no evidence of inpatient psychiatric admissions during the period in issue.  While the claimant may experience some occasional mental health symptoms, his conservative treatment history and generally

> mild clinical findings suggests he is capable of performing work within the above residual functional capacity.
>
> …
>
> Psychological examiner Dr. Gregory Lynch indicated the claimant had no limitations in his ability to sustain attention and concentration for simple tasks, slight limitations in his ability to understand, remember, and carry out simple instructions, moderate limitations in his ability to tolerate the stress and pressure of daily employment, and marked impairment in interacting with supervisors, coworkers, and work pressures (Exhibit B3F). This assessment is partially persuasive to the extent it is consistent with the above residual functional capacity. However, the claimant's conservative treatment history and clinical findings as discussed above fail to establish any support for marked limitations in any domain of mental functioning.

DN 12, PageID #s 84-86.

James H. contended that the ALJ erred in rejecting Dr. Lynch's finding of marked limitations because his reference to treatment history "discussed above" and reliance on "negative clinical findings" were insufficient findings for the required consistency analysis in evaluating medical opinions under the applicable regulation.

After March 27, 2017 the regulations for evaluating medical opinion evidence require the ALJ to evaluate the persuasiveness of a medical opinion by referencing its supportability, consistency, relationship with the claimant, specialization, and other factors. 20 CFR § 404.1520c(a) and (c). James H. argued, with respect to the consistency factor, that "[T]he ALJ does not clarify what she means by conservative treatment history. A claimant need not be committed inpatient to be found disabled" and urged that "the clinical findings discussed [ ] were mischaracterized." DN 18-1, p. 12, PageID #575.

The Magistrate Judge concluded that the ALJ sufficiently addressed consistency in reaching his conclusion that Dr. Lynch's assessment was only partially persuasive. James H. objects to this conclusion urging again that the "discussion above" highlighted certain notes and ignored others which "not[ed] worsening, unstable, and uncontrolled mental health conditions." DN 24, p. 2, PageID #627. In discussing the notes of Nurse Nunn which James H. contends warrant a finding of greater limitation,

he urges that "the ALJ found limitations that she did with the assumption that Plaintiff did not seek the treatment a disabled person would seek," and that "a proper consideration of Plaintiff's continuing to seek treatment and continued need for treatment…would only cause more limitation." DN 24, p. 3, PageID #628.

The ALJ found that "claimant may experience some occasional mental health symptoms," and determined that James H.'s "conservative history and generally mild clinical findings suggest he is capable of performing work within the above residual functional capacity." The Magistrate Judge explained that "the ALJ did not ignore conflicting evidence; she began her summary of the medical [sic] noting that Claimant has been involved in some 'mental health treatment and was generally characterized as presenting with anxious behavior…' (*Id.* at 21-22). Though Nunn's records were not referenced with this statement, the ALJ cited recent records from a different mental health provider…Further, there is nothing misleading about the ALJ's mention that Claimant denied anxiety and depression to his orthopedic provider…the record reflects that those psychiatric symptoms were reviewed and Claimant denied them." DN 23, p. 10, PageID #614.

The Magistrate Judge correctly noted that the ALJ discussed the clinical findings of "appropriate behavior, normal speech, no signs of anxiety, full orientation, and appropriate mood" which the ALJ found to undermine the marked limitations in workplace interactions found by Dr. Lynch. While James H. would have preferred that the ALJ further discuss and rely on certain abnormal findings from Nurse Nunn's notes, the ALJ described the treatment history she was referencing, discussed his mental health treatment without any in-patient psychiatric admissions or other more aggressive psychiatric interventions. DN 23, p. 13, PageID #617. The Magistrate Judge correctly determined that the ALJ's statement leaves a clear path of reasoning, which is sufficient to meet the articulation requirement under the new regulations. *Id.* citing *Carrino v. Comm'r of Soc. Sec.,* No. CV20-380-HRW, 2021 WL 2895181 at *3 (E.D.Ky. July 9, 2021).

James H.'s objection does not illuminate error in the Magistrate Judge's findings. Rather, he objects to the Magistrate Judge's analysis because it does not comport with his interpretation of the evidence. There was no error in the Magistrate Judge's determination that the ALJ's findings were based upon substantial evidence in the record and that the analysis employing those findings was sufficient under the regulations.[5]

B. DOT Job Titles and Plaintiff's Pace and Quota Restrictions

The ALJ determined that a significant number of jobs exist in the national economy that James H. could perform given his RFC, age, education, and past work experience. In making this determination, she relied upon expert vocational testimony provided at the hearing indicating that given all of these factors, James H. could perform the requirements of representative occupations such as document preparer (DOT 249.587-018), hand mounter (DOT 976.684-018) and semiconductor bonder (DOT 726.685-066) and that these jobs exist in significant numbers in the national economy. DN 12, p. 54, PageID #117). Additionally, the ALJ determined that the vocational expert's testimony was consistent with the information contained in the Dictionary of Occupational Titles ("DOT"). DN 12, p. 28, PageID #87.

James H. argued that the ALJ erred in finding no conflict with the DOT. He notes that the three jobs identified list the temperament "Attaining precise set limits, tolerances and standards" in the description under their titles in the DOT. He contended that this temperament conflicts with the limitation of "no fast-paced production line or quota driven work, and no assembly-line work" he was asked to apply in determining the availability of work for the hypothetical claimant. In arguing that a conflict exists, James H. looked to the *1991 Revised Handbook for Analyzing Jobs* ("RHAJ"). He

---

[5] James H. argues that he "is likely disabled in accordance with SSR 85-15." He raises this argument for the first time in his objections. It is therefore waived. *Swain v. Comm'r of Soc. Sec.,* 379 F.App'x 512, 517-18 (6th Cir. 2010).

admits that the DOT does not define "attaining precise limits, tolerances, and standards," but notes the RHAJ describes: "adhering to and achieving exact levels and performance, using precision measuring instruments, tools, and machines to attain precise dimensions; preparing exact verbal and numerical records; and complying with precise instruments and specifications for materials, methods, procedures, and techniques to attain specified standards." He urges that this description conflicts with the RFC limitations identified by the ALJ, the ALJ was required to resolve this conflict, and as she did not, the case should be remanded for further consideration. The Commissioner contended that the DOT does not label this as a "temperament" and does not suggest that it relates in any way to fast-paced production requirements and thus the ALJ's finding of "no conflict" was not erroneous. The parties cited non-binding district court cases in support of their contentions.

Quoting a district court within this circuit, the Magistrate Judge noted that the Commissioner has not taken administrative notice of the RHAJ. *Tait v. Comm'r of Soc. Sec.*, No. 13-CV-12667, 2014 WL 4187942, at 24 (E.D.Mich. Aug. 22, 2014). She thus determined that James H.'s argument must be rejected as his interpretation in dependent upon language found in the RHAJ. The Magistrate Judge concluded that the vocational examiner's testimony was not inconsistent with James H.'s RFC as the DOT entries for the identified jobs do not specifically reference a fast pace or production work. DN 23, pp. 17-18, Page ID #s 621-22.

James H.'s objection to the Magistrate Judge's analysis does not identify error. The objection merely restates the argument that the Court should follow a different non-binding decision to reach the conclusion that the ALJ committed error in her analysis at Step Five. Significantly, James H. does not dispute that the Commissioner has not taken administrative notice of the RHAJ. We find the Magistrate Judge's report well-reasoned and reject James H.'s objection on this basis.

C. Conclusion

Review of the ALJ's decision and the Magistrate Judge's report satisfies this Court that the Magistrate Judge thoroughly considered and addressed James H.'s arguments. We find no error in the Magistrate Judge's analysis and conclusions. For these reasons, the Court concludes that Magistrate Judge's report was correct in concluding that ALJ Eaton's decision is supported by substantial evidence. James H.'s objections to the Magistrate Judge's report are without merit and will be overruled. The Magistrate Judge's report will be accepted and adopted in its entirety. A separate order and judgement will be entered this date in accordance with this opinion.

September 23, 2022

Charles R. Simpson III, Senior Judge
United States District Court

**IT IS SO ORDERED.**